# Supreme Court of Florida

---

No. SC2023-0962

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE.**

May 23, 2024

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee filed a report with two alternative proposals to codify active case management in the Florida Rules of Civil Procedure.[1]  We adopt a combination of the Committee's two alternatives with modifications based on the comments filed in this case, the position of the Committee's minority, and an earlier proposal submitted by the Workgroup on Improved Resolution of Civil Cases.

The amendments create a framework for the active case management of civil cases with a focus on adhering to deadlines established early based on the complexity of the case, while

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(f).

providing room for customization by judicial circuit given the varying levels of volume, resources, and available automation. Our amendments also alter discovery by requiring certain initial disclosures, by imposing a duty to supplement, and by requiring that discovery be proportional to the needs of the case. The amendments, which are intended to promote the fair and timely resolution of civil cases, shall become effective January 1, 2025.

## I. BACKGROUND

In 2019, Chief Justice Canady established the Workgroup on Improved Resolution of Civil Cases within the Judicial Management Council, explaining that "Florida's judicial branch is committed to continual improvement of the administration of justice, including enhancement of civil case management processes in order to deliver justice in a timely, cost-efficient, and accountable manner while maintaining due process." *In re Workgroup on Improved Resolution of Civil Cases*, Admin. Order No. AOSC19-73 (Fla. Oct. 31, 2019). The Workgroup was tasked with examining Florida's "laws, rules of court, and practices relating to civil procedure and case management to determine whether changes can be made to improve the resolution of civil cases." *Id.*

The Workgroup submitted to the Court a report proposing extensive amendments to multiple rulesets. The Workgroup's report explained that effective case management requires early judicial intervention and adherence to established deadlines. After holding oral argument, however, the Court declined to adopt the Workgroup's proposed amendments. Instead, the Court made multiple referrals for the refinement and study of the Workgroup's proposal.

As part of these referrals, the Court tasked The Florida Bar's Civil Procedure Rules Committee with studying and refining certain amendments proposed by the Workgroup for the Florida Rules of Civil Procedure. In response, the Committee filed a report with two alternative proposals. According to the Committee, the first option was intended to implement the existing case management requirements that were established by the Court in its COVID-19 administrative orders. The second option was intended to refine the proposal submitted by the Workgroup.

A majority of the Committee voted in favor of recommending the first option to the Court, and the Board of Governors voted to recommend acceptance of the proposed amendments. The Court

published both alternatives for comment, and 55 comments were received.

After holding oral argument and considering the various proposals and comments as well as the Committee's response, the Court now adopts a modified combination of the two alternatives proposed by the Committee.

## II. AMENDMENTS

To codify active case management in the Florida Rules of Civil Procedure, we amend Florida Rules of Civil Procedure 1.200 (Case Management; Pretrial Procedure), 1.201 (Complex Litigation), 1.280 (General Provisions Governing Discovery), 1.440 (Setting Action for Trial), and 1.460 (Motions to Continue Trial).[2]

Rule 1.200 is rewritten entirely and provides that each civil case must be assigned to one of three case management tracks (complex, general, or streamlined) within 120 days. Under rewritten rule 1.200, the chief judge of each judicial circuit is required to enter an administrative order addressing certain case

---

2. These titles reflect the amended titles for rules 1.200 and 1.460.

management requirements. This approach allows each circuit to customize the process that works best for that circuit given the varying levels of volume, resources, and available automation. A circuit is free to require parties to file proposed case management orders, or a circuit may produce automated case management orders, among other possible customizations.

Rewritten rule 1.200 provides that "[i]n streamlined and general cases, the court must issue a case management order that specifies the projected or actual trial period based on the case track assignment, consistent with administrative orders entered by the chief judge of the circuit." The deadlines in the case management order must be "differentiated based on whether the case is streamlined or general" and "consistent with the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B)," and the order must include at least eight specified deadlines.

Rewritten rule 1.200 includes a detailed procedure for modifying the deadlines set forth in case management orders. It states that deadlines in case management orders "must be strictly enforced unless changed by court order." But it allows parties to

"submit an agreed order to extend a deadline if the extension does not affect the ability to comply with the remaining dates in the case management order." The rule further explains that parties' requests for modifications of actual trial periods are governed by rule 1.460. And "[i]f a trial is not reached during the trial period set by court order, the court must enter an order setting a new trial period that is as soon as practicable, given the needs of the case and resources of the court."

Rule 1.200 also includes new provisions regarding case management conferences and pretrial conferences. A "court may set case management conferences at any time on its own notice or on proper notice by a party." But "[i]f noticed by a party, the notice itself must identify the specific issues to be addressed during the case management conference and must also provide a list of all pending motions." The court may address any scheduling issues at a case management conference and may, on reasonable notice to the parties, address any pending motions other than motions for summary judgment and motions requiring evidentiary hearings.

Complex cases proceed under rule 1.201, which we amend to provide that a court may (but is not required to) hold a hearing to

determine whether a case should be designated as complex.  We also amend rule 1.201 to provide that "[t]he parties must notify the court immediately if a case management conference or hearing time becomes unnecessary" and to expressly state that motions for trial continuances are governed by rule 1.460.

For rule 1.280, the Court incorporates into the scope of discovery subdivision the proportionality language of Federal Rule of Civil Procedure 26(b)(1).  Rule 1.280 is further amended to require certain initial discovery disclosures "within 60 days after the service of the complaint or joinder, unless a different time is set by court order."  We also amend rule 1.280 to impose a duty to supplement discovery.

Our amendments to rule 1.440 eliminate the "at issue" requirement and instead provide that "[t]he failure of the pleadings to be closed will not preclude the court from setting a case for trial." In addition, rule 1.440 is amended to require the court to enter an order fixing the trial period 45 days before any projected trial period in a case management order.

Finally, the Court rewrites rule 1.460 entirely to provide that "[m]otions to continue trial are disfavored and should rarely be

granted and then only upon good cause shown." Rewritten rule 1.460 also sets forth requirements for what must be included in a motion for a trial continuance and explains that, "[i]f a continuance is granted based on the dilatory conduct of an attorney or named party, the court may impose sanctions."

### III. CONCLUSION

Accordingly, the Florida Rules of Civil Procedure are amended as set forth in the appendix to this opinion. New language is underscored; deletions are in struck-through type. The amendments shall become effective January 1, 2025, at 12:01 a.m. Because the amendments we adopt today are substantially different than either alternative submitted by the Committee, interested persons have 75 days from the date of this opinion in which to file comments with the Court.[3]

---

3. All comments must be filed with the Court on or before August 6, 2024, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida

The Court is grateful for the Committee's and the Workgroup's hard work, dedication, and recommendations. We also extend our appreciation to the commenters for their insight and assistance.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., concurring in part and dissenting in part.

I concur with the majority's decision to amend the Florida Rules of Civil Procedure as set forth in the appendix to this opinion. However, in the absence of input from The Florida Bar's Civil Procedure Rules Committee, I dissent to incorporating the proportionality language of Federal Rule of Civil Procedure 26(b)(1) into rule 1.280(c), "Scope of Discovery."

I would refer the issue of proportionality to the rules committee for its consideration and commentary before amending rule 1.280 to include the rule 26(b)(1) proportionality language.

---

Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

Original Proceeding – Florida Rules of Civil Procedure

Judson Lee Cohen, Chair, Civil Procedure Rules Committee, Miami Lakes, Florida, Landis V. Curry III, Past Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Joshua L. Wintle of Panter, Panter & Sampedro, P.A., Miami, Florida; Jed Kurzban of Kurzban Kurzban Tetzeli & Pratt P.A., Coral Gables, Florida; Lee Gill Cohen, David M. Lipman, Mina Grace, Richard Rosenblum, Matthew D. Levy, Alexis E. Altman, Jorge Fernandez, Maria Victoria Sanchez, Eyal Steven Eisig, Ryan Anthony Masci, and Leon O'Neal Hunter of Kanner & Pintaluga, P.A., Boca Raton, Florida; Marc Andrew Krispinsky of Kanner & Pintaluga, Fort Myers, Florida, Tamara Lea Klopenstein of David L. Rich, P.A., Margate, Florida; William W. Large on behalf of the Florida Justice Reform Institute, Tallahassee, Florida; John K. Lawlor, Anthony Brett White, M. Benjamin Murphey, Lyle Michael Koenig, Brittney Eller, and Monica Heuman of Lawlor White & Murphey, Fort Lauderdale, Florida; Howard Lawrence Pomerantz of Abramowitz, Pomerantz & Morehead, P.A., Plantation, Florida; Hon. Albert Lewis Kelley, Key West, Florida; Russell Landy of Damian Valori Culmo, on behalf of The Business Law Section of The Florida Bar, Miami, Florida; Spencer H. Silverglate of Clarke Silverglate, P.A. on behalf of International Association of Defense Counsel, DRI Center for Law and Public Policy, Federation of Defense & Corporate Counsel, Association of Defense Trial Attorneys, Florida Chamber of Commerce, Associated Industries of Florida, Florida Insurance Council, American Tort Reform Association, National Federation of Independent Business Small Business Legal Center, Inc., American Property Casualty Insurance Association, National Association of Mutual Insurance Companies, Coalition for Litigation Justice, Inc., Washington Legal Foundation, Pharmaceutical Research and Manufacturers of America, and Alliance for Automotive Innovation, Miami, Florida; Karen A. Gievers, Tallahassee, Florida; Hon. Angela Cote Dempsey on behalf of the Second Judicial Circuit Judges,

Tallahassee, Florida; Sara Katherine Marin of Rubenstein Law, P.A., Miami, Florida; Timothy David Kenison of Law Offices of Craig Goldenfarb, West Palm Beach, Florida; Karly R. Christine of Christine Law, P.A., Sarasota, Florida; Jennifer Gentry Fernandez and Frank F. Fernandez, III on behalf of The Fernandez Firm, Tampa, Florida; Christopher W. Mathena of Fulgencio Law, PLLC Tampa, Florida; Virginia Marie Buchanan of Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A., Pensacola, Florida; Sherri Lynn Scarborough and Spencer L. Pastorin of Howell & Thornhill, P.A., Winter Haven, Florida; Hon. Lisa T. Munyon on behalf of the Civil Judges of the Ninth Judicial Circuit, Orlando, Florida; Thirteenth Judicial Circuit Judge Paul L. Huey, Tampa, Florida; Thirteenth Judicial Circuit Judge Anne-Leigh Gaylord Moe, Hon. Lisa Ann Allen, Hon. Helene Daniel, Hon. Alissa McKee Ellison, and David Anthony Rowland, Tampa, Florida; S. Katherine Frazier of Hill Ward Henderson on behalf of the Real Property, Probate, and Trust Law Section of The Florida Bar, Tampa, Florida; Jack Patrick Hill of Searcy Denney Scarola Barnhart & Shipley, PA, West Palm Beach, Florida; Kansas R. Gooden of Boyd & Jenerette, P.A., and Sarah Lahlou-Amine of Banker Lopez Gassler P.A. on behalf of Florida Defense Lawyers Association, Miami, Florida, Andrew P. Keefe, Assistant County Attorney, Pinellas County Attorney's Office, Clearwater, Florida, John Edwards, Fort Myers, Florida; Matthew Joseph Cardillo of Matt Cardillo, P.A, Tampa, Florida; Charles S. Stratton, Joshua Scott Stratton, and Sidney Conwell Bigham III of Berger Singerman LLP, Tallahassee, Florida, S. Cary Gaylord, Blake H. Gaylord, Kimbel L. Merlin, Lorena Hart Ludovici, and Andrew Gerald Diaz of Gaylord Merlin Ludovici & Diaz, Tampa, Florida, Andrew Prince Brigham, Trevor S. Hutson, and Christopher C. Bucalo of Brigham Property Rights Law Firm, PLLC, St. Augustine, Florida; Hon. Waddell Arlie Wallace III, on behalf of the Circuit Judges of the Civil Division of the Fourth Judicial Circuit, Jacksonville, Florida; Hon. Patricia Ann Muscarella on behalf of the Civil Judges of the Sixth Judicial Circuit, Clearwater, Florida; Peter M. Cardillo of Cardillo Law Firm, Tampa, Florida; Maegen Peek Luka of Newsome Melton, Orlando, Florida; Joseph Anthony Zarzaur, Jr., Stephen F. Bolton, and Alexandra Jane Messmore of Zarzaur Law, P.A., Pensacola, Florida; Anna Frederiksen-Cherry of Swope, Rodante P.A., Tampa,

Florida; and John W. Little, III on behalf of the Business Litigation Practice Group of Gunster, Yoakley & Stewart P.A., West Palm Beach, Florida,

Responding with Comments

# APPENDIX

## RULE 1.200.   CASE MANAGEMENT; PRETRIAL PROCEDURE

~~**(a)   Case Management Conference.** At any time after responsive pleadings or motions are due, the court may order, or a party by serving a notice may convene, a case management conference. The matter to be considered must be specified in the order or notice setting the conference. At such a conference the court may:~~

~~(1)   schedule or reschedule the service of motions, pleadings, and other documents;~~

~~(2)   set or reset the time of trials, subject to rule 1.440(c);~~

~~(3)   coordinate the progress of the action if the complex litigation factors contained in rule 1.201(a)(2)(A)–(a)(2)(H) are present;~~

~~(4)   limit, schedule, order, or expedite discovery;~~

~~(5)   consider the possibility of obtaining admissions of fact and voluntary exchange of documents and electronically stored information, and stipulations regarding authenticity of documents and electronically stored information;~~

~~(6)   consider the need for advance rulings from the court on the admissibility of documents and electronically stored information;~~

~~(7)   discuss as to electronically stored information, the possibility of agreements from the parties regarding the extent to which such evidence should be preserved, the form in which such evidence should be produced, and whether discovery of such information should be conducted in phases or limited to particular individuals, time periods, or sources;~~

- 13 -

(8)    schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;

(9)    schedule or hear motions in limine;

(10)  pursue the possibilities of settlement;

(11)  require filing of preliminary stipulations if issues can be narrowed;

(12)  consider referring issues to a magistrate for findings of fact; and

(13)  schedule other conferences or determine other matters that may aid in the disposition of the action.

**(b)    Pretrial Conference.** After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:

(1)    the simplification of the issues;

(2)    the necessity or desirability of amendments to the pleadings;

(3)    the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;

(4)    the limitation of the number of expert witnesses;

(5)    the potential use of juror notebooks; and

(6)    any matters permitted under subdivision (a) of this rule.

**(c)    Notice.** Reasonable notice must be given for a case management conference, and 20 days' notice must be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference must be specified in the

order. Orders setting pretrial conferences must be uniform throughout the territorial jurisdiction of the court.

(d)   Pretrial Order. The court must make an order reciting the action taken at a conference and any stipulations made. The order controls the subsequent course of the action unless modified to prevent injustice.

(a)   Applicability; Exemptions. The requirements of this rule apply to all civil actions except:

(1)   actions required to proceed under section 51.011, Florida Statutes;

(2)   actions proceeding under section 45.075, Florida Statutes;

(3)   actions subject to the Florida Small Claims Rules, unless the court, under rule 7.020(c), has ordered the action to proceed under one or more of the Florida Rules of Civil Procedure and the deadline for the trial date specified in rule 7.090(d) no longer applies;

(4)   an action or proceeding initiated under chapters 731–736, 738, and 744, Florida Statutes;

(5)   an action for review of an administrative proceeding;

(6)   eminent domain actions under article X, section 6 of the Florida Constitution or chapters 73 and 74, Florida Statutes;

(7)   a forfeiture action in rem arising from a state statute;

(8)   a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

(9)   an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

- 15 -

(10)  an action to enforce or quash an administrative summons or subpoena;

(11)  a proceeding ancillary to a proceeding in another court;

(12)  an action to enforce an arbitration award;

(13)  an action involving an extraordinary writ or remedy under rule 1.630;

(14)  actions to confirm or enforce foreign judgments;

(15)  all proceedings under chapter 56, Florida Statutes;

(16)  a civil action pending in a special division of the court established by administrative order issued by the chief judge of the circuit or local rule (*e.g.,* a complex business division or a complex civil division) that enters case management orders;

(17)  all proceedings under chapter 415, Florida Statutes, and sections 393.12 and 825.1035, Florida Statutes; and

(18)  a claim requiring expedited or priority resolution under an applicable statute or rule.

**(b)   Case Track Assignment.** Not later than 120 days after an action commences as provided in rule 1.050, the court must assign each civil case to 1 of 3 case management tracks either by an initial case management order or an administrative order on case management issued by the chief judge of the circuit: streamlined, general, or complex. Assignment is not based on the financial value of the case but rather the amount of judicial attention required for resolution.

(1)   "*Complex*" cases are actions designated by court order as complex under rule 1.201(a). Complex cases must proceed as provided in rule 1.201.

(2)   "*Streamlined*" cases are actions that reflect some mutual knowledge about the underlying facts, have limited needs

for discovery, well-established legal issues related to liability and damages, few anticipated dispositive pretrial motions, minimal documentary evidence, and an anticipated trial length of no more than 3 days. Uncontested cases should generally be presumed to be streamlined cases.

(3) "*General*" cases are all other actions that do not meet the criteria for streamlined or complex.

**(c)  Changes in Track Assignment.**

(1) *Change Requested by a Party.* Any motion to change the track to which a case is assigned must be filed promptly after the appearance of good cause to support the motion.

(2) *Change Directed by the Court.* A track assignment may be changed by the court on its own motion.

**(d)  Case Management Order.**

(1) *Complex Cases.* Case management orders in complex cases must issue as provided in rule 1.201.

(2) *Streamlined and General Cases.* In streamlined and general cases, the court must issue a case management order that specifies the projected or actual trial period based on the case track assignment, consistent with administrative orders entered by the chief judge of the circuit. The order must also set deadlines that are differentiated based on whether the case is streamlined or general and must be consistent with the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B) for the completion of civil cases. The order must specify no less than the following deadlines:

(A)  service of complaints;

(B)  service under extensions;

(C)  adding new parties;

(D)  completion of fact discovery;

(E)    completion of expert discovery;

(F)    resolution of all objections to pleadings;

(G)    resolution of all pretrial motions; and

(H)    completion of alternative dispute resolution.

(3)    *Strict Enforcement of Deadlines.* The case management order must indicate that the deadlines established in the order will be strictly enforced by the court.

(4)    *Timing of Issuance.* The court must issue the case management order no later than 120 days after commencement of the action as provided in rule 1.050 or 30 days after service of the complaint on the last of all named defendants, whichever date comes first. No case management conference is required to be set by the court before issuance.

**(e)    Extensions of Time; Modification of Deadlines.**

(1)    *Deadlines are Strictly Enforced.* Deadlines in a case management order must be strictly enforced unless changed by court order. Parties may submit an agreed order to extend a deadline if the extension does not affect the ability to comply with the remaining dates in the case management order. If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline.

(2)    *Modification of Actual Trial Period.* Once an actual trial period is set, the parties must satisfy the requirements of rule 1.460 to change that period. During the time a trial period is still a projection, the parties may seek to change the projected trial period through the process in subdivision (e)(3).

(3)    *Modifications of Deadlines or Projected Trial Period.* Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

(A)     the basis of the need for the extension, including when the basis became known to the movant;

(B)     whether the motion is opposed;

(C)     the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

(D)     the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

**(f)     Notices of Unavailability**. Notices of unavailability have no effect on the deadlines set by the case management order. If a party is unable to comply with a deadline in a case management order, the party must take action consistent with subdivision (e)(1).

**(g)     Inability to Meet Case Management Deadlines**. If any party is unable to meet the deadlines set forth in the case management order for any reason, including due to the unavailability of hearing time, the affected party may promptly set a case management conference and alert the court. The notice of case management conference must identify the issues to be addressed in the case management conference.

**(h)     If Trial Is Not Reached During Trial Period.** If a trial is not reached during the trial period set by court order, the court must enter an order setting a new trial period that is as soon as practicable, given the needs of the case and resources of the court. The order resetting the trial period must reflect what further activity will or will not be permitted.

**(i)     Forms.** Except for case management orders issued in cases governed by rule 1.201, the forms for case management orders will be set by the chief judge of the circuit. The form orders must comply with the requirements of this rule.

**(j)    Case Management Conferences.**

(1)    *Scheduling.* The court may set case management conferences at any time on its own notice or on proper notice by a party. Whether set by the court or a party, the amount of notice must be reasonable. If noticed by a party, the notice itself must identify the specific issues to be addressed during the case management conference and must also provide a list of all pending motions. The court may set, or the parties may request, case management conferences on an as-needed basis or an ongoing, periodic basis.

(2)    *Issues That May Be Addressed.* During a case management conference, the court may address all scheduling issues, including requests to amend the case management order, and other issues that may impact trial of the case. In addition, on reasonable notice to the parties and adequate time available during the conference, the court may elect to hear a pending motion, other than motions for summary judgment and motions requiring evidentiary hearings, even if the parties have not identified the motion as an issue to be resolved. Motions for summary judgment and motions requiring evidentiary hearings may not be heard as part of a case management conference.

(3)    *Preparation Required.* Attorneys and self-represented litigants who appear at a case management conference must be prepared on the pending matters in the case, be prepared to make decisions about future progress and conduct of the case, and have authority to make representations to the court and enter into binding agreements concerning motions, issues, and scheduling. If a party is represented by more than 1 attorney, the attorney(s) present at a case management conference must be prepared with all attorneys' availability for future events.

(4)    *Other Hearings Convertible.* Any scheduled hearing may be converted to a sua sponte case management conference by agreement of the parties at the time of the hearing.

(5)    *Proposed Orders.* At the conclusion of the case management conference, unless the court is drafting its own order,

the court must set a deadline for submitting proposed orders arising out of the case management conference. A proposed order must be submitted by that deadline unless an extension is requested. If the parties do not agree to the contents of a proposed order, competing proposed orders must be submitted to the court. The parties must notify the court of the basis of any objections at the time the competing orders are submitted.

(6)     *Failure to Appear.* On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend.

**(k)     Pretrial Conference.** After the action has been set for an actual trial period, the court itself may, or must on the timely motion of any party, require the parties to appear for a conference to consider and determine:

(1)     a statement of the issues to be tried;

(2)     the possibility of obtaining evidentiary and other stipulations that will avoid unnecessary proof;

(3)     the witnesses who are expected to testify, evidence expected to be proffered, and any associated logistical or scheduling issues;

(4)     the use of technology and other means to facilitate the presentation of evidence and demonstrative aids at trial;

(5)     the order of proof at trial, time to complete the trial, and reasonable time estimates for voir dire, opening statements, closing arguments, and any other part of the trial;

(6)     the numbers of prospective jurors required for a venire, alternate jurors, and peremptory challenges for each party;

(7)     finalize jury instructions and verdict forms; and

(8)     any other matters the court considers appropriate.

**1984 Amendment.** [No Change]

**2024 Amendment.** Rule 1.200 as amended is intended to supersede any case management rules issued by circuit courts and administrative orders on case management to the extent of contradiction. The rule is not intended to preclude the possibility of administrative orders issued by circuit chief judges and local rules under Florida Rule of General Practice and Judicial Administration 2.215 that refine and supplement the procedures delineated in the rule, including rollover practices for situations where a trial is not reached during the scheduled trial period.

## RULE 1.201. COMPLEX LITIGATION

(a) **Complex Litigation Defined.** At any time after all defendants have been served, and an appearance has been entered in response to the complaint by each party or a default entered, any party, or the court on its own motion, may move to declare an action complex. However, any party may move to designate an action complex before all defendants have been served subject to a showing to the court why service has not been made on all defendants. The court ~~shall~~may convene a hearing to determine whether the action requires the use of complex litigation procedures ~~and enter an order within 10 days of the conclusion of the hearing~~.

(1)–(2)    [No Change]

(3)    ~~If all of the parties, pro se or through counsel, sign and file with the clerk of the court a written stipulation to the fact that an action is complex and identifying the factors in (2)(A) through (2)(H) above that apply, the court shall enter an order designating the action as complex without a hearing.~~A case will be

designated or redesignated as complex in accordance with rule 1.200.

(b) **Initial Case Management Report and Conference.** The court ~~shall~~must hold an initial case management conference within 60 days from the date of the order declaring the action complex.

(1) At least 20 days prior to the date of the initial case management conference, attorneys for the parties as well as any parties appearing pro se ~~shall~~must confer and prepare a joint statement, which ~~shall~~must be filed with the clerk of the court no later than 14 days before the conference, outlining a discovery plan and stating:

(A)-(D) [No Change]

(E) the proposed limits on the time:

(i) to join other parties and to amend the pleadings~~,~~;

(ii) to file and hear motions~~,~~;

(iii) to identify any nonparties whose identity is known, or otherwise describe as specifically as practicable any nonparties whose identity is not known~~,~~;

(iv) to disclose expert witnesses~~,~~; and

(v) to complete discovery;

(F)-(P) [No Change]

(2) Lead trial counsel and a client representative ~~shall~~must attend the initial case management conference.

(3) ~~Notwithstanding rule 1.440, a~~At the initial case management conference, the court will set the trial date or dates no sooner than 6 months and no later than 24 months from the date of the conference unless good cause is shown for an earlier or later setting. The trial date or dates ~~shall~~must be on a docket having

- 23 -

sufficient time within which to try the action and, when feasible, for a date or dates certain. The trial date shallmust be set after consultation with counsel and in the presence of all clients or authorized client representatives. The court shallmust, no later than 2 months prior tobefore the date scheduled for jury selection, arrange for a sufficient number of available jurors. Continuance of the trial of a complex action should rarely be granted and then only upon good cause shown. Any motion for continuance will be governed by rule 1.460.

(c) **The Case Management Order.** Within 10 days after completion of the initial case management conference, the court must enter a case management order. The case management order shallmust address each matter set forth under rule 1.200(ad)(2) and set the action for a pretrial conference and trial. The case management order also shallmust specify the following:

(1) Dates by which all parties shallmust name their expert witnesses and provide the expert information required by rule 1.280(bc)(5). If a party has named an expert witness in a field in which any other parties have not identified experts, the other parties may name experts in that field within 30 days thereafter. No additional experts may be named unless good cause is shown.

(2) Not more than 10 days after the date set for naming experts, the parties shallmust meet and schedule dates for deposition of experts and all other witnesses not yet deposed. At the time of the meeting each party is responsible for having secured three confirmed dates for its expert witnesses. In the event the parties cannot agree on a discovery deposition schedule, the court, upon motion, shallmust set the schedule. Any party may file the completed discovery deposition schedule agreed upon or entered by the court. Once filed, the deposition dates in the schedule shallmay not be altered without consent of all parties or upon order of the court. Failure to comply with the discovery schedule may result in sanctions in accordance with rule 1.380.

(3) [No Change]

- 24 -

(4) The court ~~shall~~<u>must</u> schedule periodic case management conferences and hearings on lengthy motions at reasonable intervals based on the particular needs of the action. The attorneys for the parties as well as any parties appearing pro se ~~shall~~<u>must</u> confer no later than 15 days prior to each case management conference or hearing. ~~They shall notify the court at least 10 days prior to any case management conference or hearing if the parties stipulate that a case management conference or hearing time is unnecessary.~~ <u>The parties must notify the court immediately if a case management conference or hearing time becomes unnecessary.</u> Failure to timely notify the court that a case management conference or hearing time is unnecessary may result in sanctions.

(5)-(6) [No Change]

**(d) Final Case Management Conference.** The court ~~shall~~<u>must</u> schedule a final case management conference not less than 90 days ~~prior to~~<u>before</u> the date the case is set for trial. At least 10 days ~~prior to~~<u>before</u> the final case management conference the parties ~~shall~~<u>must</u> confer to prepare a case status report, which ~~shall~~<u>must</u> be filed with the clerk of the court either ~~prior to~~<u>before</u> or at the time of the final case management conference. The status report ~~shall~~<u>must</u> contain in separately numbered paragraphs:

(1)-(5) [No Change]

(6) Certification that copies of witness and exhibit lists will be filed with the clerk of the court at least 48 hours ~~prior to~~<u>before</u> the date and time of the final case management conference.

(7) A deadline for the filing of amended lists of witnesses and exhibits, which amendments ~~shall~~<u>will</u> be allowed only ~~up~~<u>o</u>n motion and for good cause shown.

(8) [No Change]

## Committee Notes

[No Change]

- 25 -

# RULE 1.280.   GENERAL PROVISIONS GOVERNING DISCOVERY

## (a)   Initial Discovery Disclosure.

(1)   *In General.* Except as exempted by subdivision (a)(2) or as ordered by the court, a party must, without awaiting a discovery request, provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

(A)   the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(B)   a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

(C)   a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

(D)   a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(2) *Proceedings Exempt from Initial Discovery Disclosure.* Unless ordered by the court, actions and claims listed in rule 1.200(a) are exempt from initial discovery disclosure.

(3) *Time for Initial Discovery Disclosures.* A party must make the initial discovery disclosures required by this rule within 60 days after the service of the complaint or joinder, unless a different time is set by court order.

(4) *Basis for Initial Discovery Disclosure; Unacceptable Excuses; Objections.* A party must make its initial discovery disclosures based on the information then reasonably available to it. A party is not excused from making its initial discovery disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's initial discovery disclosures or because another party has not made its initial discovery disclosures. A party who formally objects to providing certain information is not excused from making all other initial discovery disclosures required by this rule in a timely manner.

(a̶b) **Discovery Methods.** Parties may obtain discovery by o̶n̶e̶1 or more of the following methods: depositions u̶p̶on oral examination or written questions; written interrogatories; production of documents or things or permission to enter u̶p̶on land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (c̶)(d) o̶f̶ ̶t̶h̶i̶s̶ ̶r̶u̶l̶e̶, the frequency of use of these methods is not limited, except as provided in rules 1.200, 1.340, and 1.370.

(b̶c) **Scope of Discovery.** Unless otherwise limited by court order o̶f̶ ̶t̶h̶e̶ ̶c̶o̶u̶r̶t̶ ̶i̶n̶ ̶a̶c̶c̶o̶r̶d̶a̶n̶c̶e̶ ̶w̶i̶t̶h̶ ̶t̶h̶e̶s̶e̶ ̶r̶u̶l̶e̶s̶, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any nonprivileged matter, n̶o̶t̶ ̶p̶r̶i̶v̶i̶l̶e̶g̶e̶d̶, that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery

in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.~~the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.~~

(2)    [No Change]

(3)    *Electronically Stored Information.* A party may obtain discovery of electronically stored information ~~in accordance with~~under these rules.

(4)    *Trial Preparation~~.~~; Materials.* Subject to the provisions of subdivision ~~(b)~~(c)(5) ~~of this rule~~, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision ~~(b)~~(c)(1) ~~of this rule~~ and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, only ~~up~~on a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court ~~shall~~must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. ~~Upo~~On request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is

- 28 -

refused, the person may move for an order to obtain a copy. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(5) *Trial Preparation~~:~~; Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision ~~(b)~~(c)(1) ~~of this rule~~ and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A) (i)-(ii) [No Change]

(iii) A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:

1.-3. [No Change]

4. An approximation of the portion of the expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert ~~shall~~will not be required to disclose ~~his or her~~the expert's earnings as an expert witness or income derived from other services.

An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. ~~Upo~~On motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions ~~pursuant to~~under subdivision ~~(b)~~(c)(5)(C) ~~of this rule~~ concerning fees and expenses as the court may deem appropriate.

(B)     [No Change]

(C)     Unless manifest injustice would result, the court ~~shall~~will require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions ~~(b)~~(c)(5)(A) and ~~(b)~~(c)(5)(B) ~~of this rule~~; and concerning discovery from an expert obtained under subdivision ~~(b)~~(c)(5)(A) ~~of this rule~~ the court may require, and concerning discovery obtained under subdivision ~~(b)~~(c)(5)(B) ~~of this rule~~ ~~shall~~will require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

(D)     As used in these rules an expert witness ~~shall be an expert witness as~~ is defined in rule 1.390(a).

(6)     *Claims of Privilege or Protection of Trial Preparation Materials.* When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party ~~shall~~must make the claim expressly and ~~shall~~must describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

**(e~~d~~)  Protective Orders.** ~~Upo~~On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including ~~one~~1 or more of the following:

(1)___that the discovery not be had;

(2)___that the discovery may be had only on specified terms and conditions, including a designation of the time or place or the allocation of expenses;

(3)  that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4)  that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

(5)  that discovery be conducted with no one present except persons designated by the court;

(6)  that a deposition after being sealed be opened only by order of the court;

(7)  that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; and

(8)  that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.

**(de)  Limitations on Discovery of Electronically Stored Information.**

(1)    [No Change]

(2)    In determining any motion involving discovery of electronically stored information, the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that:

(iA) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source or in another manner that is more convenient, less burdensome, or less expensive; or

(iiB) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

**(ef)  Sequence and Timing of Discovery.** Except as provided in subdivision (b)(c)(5) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shallmust not delay any other party's discovery.

**(fg)  Supplementing of Responses.** A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired.A party who has made a disclosure under this rule or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response:

(1)  in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(2)  as ordered by the court.

**(gh)  Court Filing of Documents and Discovery.** Information obtained during discovery shallmay not be filed with the court until such time as it is filed for good cause. The requirement of good cause is satisfied only wherewhen the filing of the information is allowed or required by another applicable rule of procedure or by court order. All filings of discovery documents shallmust comply with Florida Rule of General Practice and Judicial Administration 2.425. The court shall haves the authority to impose sanctions for violation of this rule.

**(~~h~~i)  Apex Doctrine**. A current or former high-level government or corporate officer may seek an order preventing the officer from being subject to a deposition. The motion, whether by a party or by the person of whom the deposition is sought, must be accompanied by an affidavit or declaration of the officer explaining that the officer lacks unique, personal knowledge of the issues being litigated. If the officer meets this burden of production, the court shall issue an order preventing the deposition, unless the party seeking the deposition demonstrates that it has exhausted other discovery, that such discovery is inadequate, and that the officer has unique, personal knowledge of discoverable information. The court may vacate or modify the order if, after additional discovery, the party seeking the deposition can meet its burden of persuasion under this rule. The burden to persuade the court that the officer is high-level for purposes of this rule lies with the person or party opposing the deposition.

**(~~i~~j)   Form of Responses to Written Discovery Requests.** When responding to requests for production served ~~pursuant to~~under rule 1.310(b)(5), written deposition questions served ~~pursuant to~~under rule 1.320, interrogatories served ~~pursuant to~~under rule 1.340, requests for production or inspection served ~~pursuant to~~under rule 1.350, requests for production of documents or things without deposition served ~~pursuant to~~under rule 1.351, requests for admissions served ~~pursuant to~~under rule 1.370, or requests for the production of documentary evidence served ~~pursuant to~~under rule 1.410(c), the responding party ~~shall~~must state each deposition question, interrogatory, or discovery request in full as numbered, followed by the answer, objection, or other response.

**<u>(k)   Signing Disclosures and Discovery Requests; Responses; and Objections.</u>** <u>Every discovery under subdivision (a) of this rule and every discovery request, response, or objection made by a party represented by an attorney must be signed by at least 1 attorney of record and must include the attorney's address, e-mail address, and telephone number. A self-represented litigant must sign the request, response, or objection and must include the self-represented litigant's address, e-mail address, and telephone</u>

number. By signing, an attorney or self-represented litigant certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(1)    with respect to a disclosure, it is complete and correct as of the time it is made; and

(2)    with respect to a discovery request, response, or objection, it is:

(A)    consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B)    not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C)    not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

No party has a duty to act on an unsigned disclosure, request, response, or objection until it is signed.

### Committee Notes

[No Change]

### Court Commentary

[No Change]

## RULE 1.440.   SETTING ACTION FOR TRIAL

(a)    ~~When at Issue~~Setting Trial. ~~An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last~~

- 34 -

~~pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served. The existence of crossclaims among the parties shall not prevent the court from setting the action for trial on the issues raised by the complaint, answer, and any answer to a counterclaim~~<u>The failure of the pleadings to be closed will not preclude the court from setting a case for trial</u>.

**(b)** ~~**Notice**~~<u>**Motion**</u> **for Trial.** ~~Thereafter~~<u>For any case not subject to rule 1.200 or rule 1.201 or for any case in which any party seeks a trial for a date earlier than the projected or actual trial period specified in a case management order,</u> any party may file and serve a ~~notice~~<u>motion</u> ~~that the action is at issue and ready~~ to ~~be~~ set <u>the action</u> for trial. The ~~notice~~<u>motion</u> must include an estimate of the time required, <u>whether there is a basis for expedited trial,</u> ~~indicate~~ whether ~~the trial~~<u>it</u> is to be ~~by~~ a jury or ~~not~~<u>non-jury trial,</u> ~~and~~ whether the trial is on the original action or a subsequent proceeding, and, if applicable, indicate that the court has authorized the participation of prospective jurors or empaneled jurors through audio-video communication technology under rule 1.430(d). ~~The clerk must then submit the notice and the case file to the court.~~<u>The moving party must serve a copy of the motion on the presiding judge at the time the motion is filed.</u>

**(c)** <u>**Fixing Trial Period.**</u>

<u>(1) On a party's motion or upon the court's own initiative, if the court finds the action ready to be set for a trial period earlier than the projected or actual trial period specified in the case management order entered under rule 1.200 or rule 1.201, the court may enter an order fixing an earlier trial period.</u>

<u>(2) For any case subject to rule 1.200 with a projected trial period in the case management order, not later than 45 days before the projected trial period set forth in the case management order, the court must enter an order fixing the trial period.</u>

<u>(3) For any case not subject to rule 1.200 or 1.201, on a party's motion or upon the court's own initiative, if the court finds</u>

the action ready to be set for trial, the court must enter an order fixing the trial period.

(4)    Any order setting a trial period must set the trial period to begin at least 30 days after the date of the court's service of the order, unless all parties agree otherwise.

(d)    ~~Setting for Trial~~Service on Defaulted Parties. ~~If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial.~~ In actions in which the damages are not liquidated, the order setting an action for trial ~~shall~~must be served on parties who are in default in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

(~~d~~e)  Applicability. This rule does not apply to actions ~~to which~~under chapter 51, Florida Statutes ~~(1967), applies or to cases designated as complex pursuant to rule 1.201~~.

**Committee Notes**

[No Change]

**Court Commentary**

**1984 Amendment.** [No Change]

**2024 Amendment.** This rule has been substantially amended. It no longer requires that a case be "at issue" before the case can be set for trial, and it ties the date of trial directly to any projected trial period set forth in a case management order.

**RULE 1.460.   ~~CONTINUANCES~~MOTIONS TO CONTINUE TRIAL**

~~A motion for continuance shall be in writing unless made at a trial and, except for good cause shown, shall be signed by the party requesting the continuance. The motion shall state all of the facts that the movant contends entitle the movant to a continuance. If a~~

continuance is sought on the ground of nonavailability of a witness, the motion must show when it is believed the witness will be available.

**(a)    Generally.** Motions to continue trial are disfavored and should rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570.

**(b)    Motion; Requirements.** A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**(c)    Motion; Timing of Filing.** A motion to continue trial must be filed promptly after the appearance of good cause to support such motion. Failure to promptly request a continuance may be a basis for denying the motion to continue.

**(d)    Motion; Contents.** The moving party or counsel must make reasonable efforts to confer with the non-moving party or opposing counsel about the need for a continuance, and the non-moving party or opposing counsel must cooperate in responding and holding a conference. All motions for continuance, even if agreed, must state with specificity:

(1)    the basis of the need for the continuance, including when the basis became known to the movant;

(2)    whether the motion is opposed;

(3)    the action and specific dates for the action that will enable the movant to be ready for trial by the proposed date, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available; and

(4)    the proposed date by which the case will be ready for trial and whether that date is agreed by all parties.

If the required conference did not occur, the motion must explain the dates and methods of the efforts to confer. Failure to confer by any party or attorney under this rule may result in sanctions.

(e)    **Efforts to Avoid Continuances.** To avoid continuances, trial courts should use all appropriate methods to address the issues causing delay, including requiring depositions to preserve testimony, allowing remote appearances, and resolving conflicts with other judges as provided in the Florida Rules of General Practice and Judicial Administration.

(f)    **Setting Trial Date.** When possible, continued trial dates must be set in collaboration with attorneys and self-represented litigants as opposed to the issuance of unilateral dates by the court.

(g)    **Dilatory Conduct.** If a continuance is granted based on the dilatory conduct of an attorney or named party, the court may impose sanctions on the attorney, the party, or both.

(h)    **Order on Motion for Continuance.** When ruling on a motion to continue, the court must state, either on the record or in a written order, the factual basis for the ruling. An order granting a motion to continue must either set a new trial period or set a case management conference. If the trial is continued, the new trial must be set for the earliest date practicable, given the needs of the case and resources of the court. The order must reflect what further activity will or will not be permitted.

**Committee Notes**

[No Change]